AUGUST MAIER *vs.* JAMES W. JOSLIN and another.

May 25, 1891.

**Conveyance—Insufficient Description.**—A deed of conveyance, only describing the premises conveyed as being all of a designated tract not conveyed by the grantors to a third party named, is insufficient of itself, and without proof as to what part of the tract had not been conveyed to the third person, to show title to any of such lands in the grantee in such deed.

Action brought in the district court for Benton county, to restrain the sale on execution issued on a judgment in favor of defendant Joslin and against one *John* Maier, of premises in that county, alleged to be owned in fee by plaintiff, and described in the complaint

as "all the south half of the north-west quarter of section No. two, town 38, range 31, excepting a strip 15 rods wide off of the west end thereof." The action was tried by *Searle, J.,* who ordered judgment for defendants, which was entered, and the plaintiff appealed.

*Taylor, Calhoun & Rhodes,* for appellant.

*O. W. Baldwin,* for respondents.

DICKINSON, J. This action involved an issue of title to a tract of land described as the south half of the northwest quarter of section 2, township 38, range 31, in the county of Benton, excepting a strip 15 rods wide off the west end thereof. The burden was on the plaintiff to show title in himself. The finding of fact by the court was that the plaintiff was not the owner. It was, however, further found that in January, 1885, one Agnes Kampa, who was then the owner of the land, with her husband, executed to the plaintiff a deed, in which the only description of the premises conveyed was: "All that part of the south half of the north-west quarter of section 2, town 38, range 31, [the county and state being named,] not this day conveyed to one John Maier by said first parties, being about seventy acres in all." The court further found that there was no evidence to show what land was conveyed at the time stated in the above deed by the grantors therein named to John Maier, and for that reason (as the court expressed its finding) the above deed to the plaintiff was void for uncertainty, and did not convey to him the title to the land in question. Judgment was rendered for the defendant, and the plaintiff appealed. The case is before us simply on the pleadings, the findings of the court, and the judgment.

The specific finding that the plaintiff is not the owner of the land is decisive against him, unless that finding is contradicted or modified by those which follow, as we think it is not. The deed to the plaintiff was insufficient, of itself, to show a conveyance of any particular land. It did not purport to convey the governmental subdivision described in it, but only that part of that subdivision *not* conveyed to John Maier on the day of the execution of this deed. That was the only subject of this deed, the only designation of the land intended to be conveyed. An essential and indispensable element in the description incorporated in the deed, to designate the land conveyed by it, is

that it did *not* embrace any part of the tract specified which had been on the same day conveyed to the other person named. Hence no effect could be given to this deed, as proof of a conveyance to the plaintiff, without proof being also offered to show what part of the described tract of land had *not* been thus conveyed to John Maier, or, in other words, without showing by other proof than the deed itself to what particular land the peculiar description is applicable. This is not a deed in terms conveying a sufficiently described tract of land, from which, by a subsequent clause, some part of the before described premises is excepted. Whether, in such a case, the burden of proof might be, as the appellant contends, on the party who would limit or restrict the operation of the deed, to show by proper proof the extent of the exception, we do not decide. While the court, after stating that the evidence did not show what land was conveyed to John Maier, declared that for that reason the deed to the plaintiff was "void for uncertainty," it is probable that what was meant was that the deed alone was insufficient as proof of the conveyance of any particular land; and in this the court was right. There could have been but one conclusion, in the absence of other proof than the deed itself; and, if the court did err in expressing the finding that the deed was "void for uncertainty," it cannot have affected the result which would necessarily follow from the other and independent facts found.

Judgment affirmed.